## ROUNDY v. ROUNDY et al.

No. 3697.    Decided December 3, 1921.  Rehearing Denied December.
7, 1921.    (202 Pac. 211.)

1. DIVORCE—DEFENDANT HELD PURCHASER IN GOOD FAITH FROM
   DIVORCED HUSBAND. In an action by a wife against her divorced
   husband and his mother to set aside a deed from him to the
   mother as without consideration and in fraud of plaintiff's
   right to alimony, evidence *held* to sustain finding that the deed
   was valid.

2. DIVORCE—HUSBAND'S DEED TO BONA FIDE PURCHASER AFTER DI-
   VISION OF PROPERTY HELD VALID. After divorce and division of
   real property and after the husband's default in payment of
   alimony and his removal to another state, conveyance by him
   to his mother founded on a good consideration was valid.

3. DIVORCE—OBLIGATION TO PAY ALIMONY ENFORCEABLE IN ANOTHER
   STATE TO WHICH HUSBAND REMOVES. The obligation under a
   decree to pay alimony for the benefit of the divorced wife and
   for the children obligates the husband on his removal to an-
   other state, and may be there enforced.

Appeal from District Court, First District, Cache County;
*A. A. Law,* Judge.

Action by Dorothea Roundy against Margaret A. Roundy
and others.    From a judgment for defendants, plaintiff
appeals.

AFFIRMED.

*L. E. Nelson* and *Leon Fonnesbeck,* both of Logan, for ap-
pellant.

*Walters & Harris,* of Logan, for respondents.

FRICK, J.

The plaintiff commenced this action in equity in the dis-
trict court of Cache county against the defendants to set

aside a certain deed of conveyance executed and delivered by the defendants Joseph M. Roundy and Ruby C. Roundy, as grantors, to their codefendant, Margaret A. Roundy, as grantee. In the complaint, among other things, it is alleged that said deed was made without any consideration and was executed and delivered with the intent of said Joseph M. Roundy to defraud the plaintiff, and that Margaret A. Roundy, the grantee, had notice of said fraudulent intent and aided said Joseph M. Roundy to consummate his purpose of defrauding the plaintiff.

The defendants filed a joint answer in which the allegations relating to the want of consideration and fraudulent purpose and intent, etc., are specifically denied. The answer also sets forth the facts respecting the making and delivery of said deed and the consideration therefor.

The facts giving rise to this controversy, briefly stated, are: That on and prior to the 17th day of December, 1919, the plaintiff and the defendant Joseph M. Roundy were husband and wife; that on the date last stated the district court of Cache county, in an action then pending, on the application of the plaintiff, entered a judgment or decree dissolving the bonds of matrimony then existing between said parties; that there were living at that time six children, the fruit of said marriage, whose ages, at the time of the present hearing, ranged from 13 years, the oldest, down to less than 2 years, the youngest. The custody of said children, except the oldest, a boy, was awarded to the plaintiff, and the custody of the boy was awarded to the defendant Joseph M. Roundy; that in said decree the court awarded to the plaintiff the homestead with the appurtenances and furniture, and, in addition thereto the sum of $60 per month "beginning with the 25th day of November, 1919," as permanent alimony, and awarded to the defendant Joseph M. Roundy a dry farm consisting of 235 acres in Cache county; with the appurtenances, and, in addition thereto, considerable personal property. The homestead which was awarded to the plaintiff was incumbered by a mortgage for $1,250, and the farm land which was awarded to the defendant Joseph M. Roundy was incumbered by two

mortgages, one for $2,000 and the other for $1,000. It was also provided in the decree that the defendant Joseph M. Roundy should pay the mortgage, which was a first lien upon the home, and that the plaintiff be prohibited from "selling or disposing of said home until the youngest child, Marion Roundy, arrives at the age of 18 years, or until the further order of this court."

The defendant Joseph M. Roundy continued to make the monthly payment of $60 each month up to and including August 25, 1920, and made no payments after that date. The defendant Joseph M. Roundy removed from the state of Utah to the state of Idaho some time in March, 1920, and remarried in that state. His codefendant Ruby C. Roundy is his present wife, while the other defendant Margaret A. Roundy, is his mother. On the 9th day of June, 1920, the defendants Joseph M. Roundy and Ruby C. Roundy executed and delivered to their codefendant, Margaret A. Roundy, a deed of conveyance to the dry farm aforesaid, and in connection therewith also sold to the mother all of the personal property before referred to, so that from that time on Joseph M. Roundy possessed or owned no property of any kind in the state of Utah. The expressed consideration in the deed aforesaid is $4,000. The deed was made "subject" to the two mortgages aforesaid, and it provides "both of which mortgages the grantor agrees to pay." That is the deed which is assailed in this proceeding upon the grounds alleged in the complaint.

The evidence showed, and the court found, that the mother had agreed to pay her son for the dry farm and for the personal property the sum of $10,000; that she purchased the property in good faith and without any intent to defraud the plaintiff or any one else. The evidence is also strongly to the effect that $10,000 was a fair price for the dry farm and personal property. Indeed the witnesses who were competent to testify upon the subject gave it as their opinion that the amount agreed to be paid by the mother was all that the property was worth.

The court entered judgment that the deed was valid, and hence refused to set it aside. Plaintiff appeals.

It was disclosed by the evidence, which is not disputed, that the mother had made payments in cash to her son which were applied on the purchase price of the dry farm aggregating the sum of $5,436; that in addition thereto, although otherwise provided in the deed, she had agreed to pay the two mortgages, which, with interest, will exceed $3,000; and that she had also agreed with her son to pay the mortgage on the home which was awarded to the plaintiff, which falls due next January, and which will then, with accrued interest, amount to about $1,400. It will thus be seen that the defendant Margaret A. Roundy purchased from her son his dry farm with the personal property at the agreed price of $10,000; that she has made cash payments to be applied on the said purchase price in the sum of $5,436, and has obligated herself to pay for him the further sum of at least $4,400. The amount that she has paid in cash, when added to the amount she has agreed to pay in addition, will amount almost to the equivalent of the purchase price of the property which she purchased from her son. The evidence is therefore not only ample to justify the court's findings, but, as we view it, that was the only finding that the court could have made in view of the undisputed evidence in the case.

While, therefore, the transaction respecting the sale of the farm between Joseph M. and Margaret A. Roundy as against the plaintiff must be upheld and affirmed, yet that in no way excuses, or can excuse, the defendant Joseph M. Roundy from discharging the obligation that is imposed upon him in the decree of divorce nor the obligation that he owes as a father of his minor children. From the evidence it is made apparent that the district court was very lenient with the husband and father of the five children which were awarded to the plaintiff when it determined the amount of the alimony that the father should pay. The plaintiff has no means. The children are all young, and two of the younger ones are in constant need of care and assistance from the mother, while her own

health is precarious. In these circumstances the court should require the father of those children to comply in full measure with his obligations both as a divorcee and as a father. When, as here, a wife obtains a divorce from her husband and there are children of tender years which are given into the custody of the mother, it is the policy of the law, and it is the duty of the courts to enforce such policy, that the father of the children shall provide to the extent of his means and ability for the proper support and education of such children. In such cases the state is interested in having the children properly maintained and educated, to the end that they may become good and self-sustaining citizens and useful members of society. The mere fact that the father has married another woman can in no way excuse or    2, 3 palliate his default as against the mother and her young children. True, in this case there is no property in Utah that can be reached. The obligation, however, follows the father wherever he may go, and, in view of the decision in *Sistare* v. *Sistare*, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061, the past-due installments of alimony may be enforced in the state of Idaho under the full faith and credit clause of the federal Constitution.

In view, however, that the findings and judgment in this case are abundantly justified by the evidence, and in view that there is no merit to the legal questions that are raised by the assignments of error, no good purpose could be subserved in extending this opinion.

The judgment is therefore affirmed, with costs to respondents.

CORFMAN, C. J., and WEBER, GIDEON and THURMAN, JJ., concur.